### CONNER and Others *v.* HAWKINS.

The heirs of an intestate may, under the act of 1843, file a petition in the Probate Court against the administrator for distribution, &c.

It is no answer or plea to such petition, that the defendant does not know who the heirs of the intestate are.

On overruling objections to an answer or plea to such petition, the suit should not be dismissed, but the petitioners should be permitted to reply, &c.

ERROR to the *Tippecanoe* Probate Court.

PERKINS, J.—Petition to the Probate Court of *Tippecanoe* county by the heirs of *William Conner*, deceased, against *James Hawkins*, the administrator of said *Conner's* estate, asking a settlement and distribution. The administrator answered, saying that he did not know who were the heirs, if he had any, of *William Conner*, deceased, and asked that this answer might be taken for a plea. The petitioners excepted to the sufficiency of the answer, but the Court disallowed the exceptions and dismissed the petition.

If the defendant's response to this petition be regarded as an answer, it was correctly excepted to for insufficiency, and the exceptions should have been allowed; if regarded as a plea, it is bad for not directly denying that the petitioners were the heirs of said *Conner*. Story's Eq. Pl. 505. In either view, therefore, the Court erred in not allowing the exceptions. It is true, the formal mode of taking the judgment of the Court upon a plea, is by setting it down for argument, and not by exception; but no objection as to form was made in this case. But suppose this response of the defendant to have been sufficient as an answer, or good as a plea, the Court should not have dismissed the petition. If an an-

swer, the petitioners should have been permitted to reply, and bring the case to a hearing on the merits. If a plea, issue should have been permitted to be taken on it, and the defendant required to prove it.

The counsel for the defendant justifies the decision on the ground, also, that the application itself was unauthorized. We think the application was proper. Sect. 351, p. 549, R. S. 1843, authorizes proceedings in this form in cases like that made by this petition.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*A. Ingram* and *R. Jones*, for the plaintiffs.

*G. S. Orth*, for the defendant.